IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| H. TY WARNER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-cv-1390 |
| KATHRYN ZIMMIE, | ) |
| Defendant. | ) |

## INITIAL JOINT STATUS REPORT

Plaintiff H. Ty Warner ("Warner") and Defendant Kathryn Zimmie ("Zimmie"), by and through their respective counsel, hereby state as follows as their Initial Joint Status Report:

**1.      THE NATURE OF THE CASE**

    **A.      Identity of Attorneys of Record**

    Mr. Warner is represented by the following attorneys:

Gregory J. Scandaglia (lead trial attorney)
(312-580-2054); gscandaglia@scandagliaryan.com
Therese L. Tully
(312-580-2860); ttully@scandagliaryan.com
SCANDAGLIA RYAN LLP
55 East Monroe, Suite 3440
Chicago, IL 60608

Charles Meyer (admitted Pro Hac Vice)
MEYER & FELSEN LAW CORPORATION
1880 Century Park East, Suite 1101
Los Angeles, California 90067
(310) 712-2111
cmeyer@meyerfelson.com

Ms. Zimmie is represented by the following attorneys:

William T. Gibbs (lead trial attorney)
CORBOY & DEMETRIO, P.C.
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
ccfiling@corboydemetrio.com

Robert M. Cohen (admitted Pro Hac Vice)
LAW OFFICES OF ROBERT M. COHEN
301 North Canon Drive, Suite 300
Beverly Hills, California 90210
(310) 277-1127
office@bobcohenesq.com

Jason E. Lukasevic (admitted Pro Hac Vice)
GOLDBERG PERSKY WHITE P.C.
11 Stanwix Street, Suite 1800
Pittsburgh, PA 15222
(412) 471-3980
jluckasevic@gpwlaw.com

**B.**     **Brief Description of Claims, Counterclaims and Third-Party Claims**

**Plaintiff's Contentions:**

Mr. Warner's complaint asserts a single claim for declaratory relief. Mr. Warner and Ms. Zimmie had both a personal and business relationship. Plaintiff alleges that Ms. Zimmie's relationship with Mr. Warner was centered in Illinois as they spent a significant amount of time together in this state, Ms. Zimmie performed significant work in Illinois for Mr. Warner's companies that are headquartered in Illinois, Ms. Zimmie maintained an office at the Ty Inc. corporate headquarters in Illinois, and any alleged implied or oral agreement would have arisen out of conduct that occurred in Illinois.

Plaintiff further claims that, through her company, Cleveland Design Consultants, LLC, Ms. Zimmie performed for Mr. Warner's companies – Ty Inc. and Ty Warner Hotels & Resorts, LLC. Ms. Zimmie was compensated approximately $200,000 per year for this work pursuant to a

2

consulting agreement that was entered into between Ms. Zimmie's company, Cleveland Design Consultants, LLC, on the one hand and Ty Inc., and Ty Warner Hotels and Resorts, LLC, on the other hand, in January 2018 ("Consulting Agreement"). This Consulting Agreement was formed in Illinois and was governed by Illinois law. The Consulting Agreement was terminated on March 22, 2021.

Ms. Zimmie decided to end her personal relationship with Mr. Warner in October of 2020. Thereafter, her attorney advised Mr. Warner that Ms. Zimmie was seeking compensation from him in an eight-figure range in connection with an implied or oral agreement that Ms. Zimmie alleges was created because of the personal relationship that previously existed between Mr. Warner and Ms. Zimmie.

Mr. Warner disputes that any such implied or oral contract was formed between the parties. Mr. Warner further asserts that the only agreement which existed between the parties is the Consulting Agreement. Accordingly, because Plaintiff alleges that there is a genuine dispute between Mr. Warner and Ms. Zimmie with respect to the existence of any implied or oral agreement, the validity of such an agreement, and the rights and obligations of the parties to one another, Mr. Warner has sought declaratory relief.

**Defendant's Contentions:**

Ms. Zimmie denies that her relationships with Mr. Warner and/or his businesses were centered in Illinois. During their relationships, Ms. Zimmie contends that she designed hotel rooms, restaurants, totally renovated the San Ysidro Ranch twice, created branding, logos and advertising layouts for Ty Warner's hotels (none of which are in Illinois). Also, Ms. Zimmie contends that the pair cohabitated in Montecito, California in a home they built and designed

together. Ms. Zimmie's contends that her domicile is California and not in Ohio as plead by Mr. Warner.

Further, Ms. Zimmie denies any knowledge of the creation of Cleveland Design Consultants, LLC; she further denies the existence of any "Consulting Agreements" as she has never seen nor been provided a copy of a purported "Consulting Agreement".

Ms. Zimmie did end her personal relationship with Mr. Warner in October 2020. Thereafter, her attorney advised Mr. Warner's attorneys (in correspondence specifically citing protection pursuant to California Evidence Code § 1152 and "all related and relevant statutes and court orders pertaining to settlement discussions, offers and negotiations") that Ms. Zimmie would be filing claims in California, including a claim of Palimony. Ms. Zimmie denies that this Court has jurisdiction to adjudicate claims that she has yet to file and further directs this Honorable Court to her Motion to Dismiss.

### Counterclaims and Third-Party Claims

To date, Ms. Zimmie has not asserted any counterclaims or third-party claims in this action.

### C.   Major Legal or Factual Issues

On May 12, 2021, Ms. Zimmie filed a Motion to Dismiss, pursuant to Rule 12(b)(1) and 12(b)(6) as Ms. Zimmie contends that there does not exist a justiciable case or controversy arising in this jurisdiction between the parties. Ms. Zimmie argues that she should be free to file her claims at a time and in a forum of her choice.

Mr. Warner contends that the major legal and factual issues in this case include whether there exists any implied or oral agreement between Mr. Warner and Ms. Zimmie to provide ongoing support and compensation to Ms. Zimmie as a result of her prior relationship with Mr. Warner; whether such an agreement would be unenforceable under Illinois law; and whether Mr.

4

Warner has any legal obligation to pay Ms. Zimmie any of the compensation she claims to be owed.

### D. Relief Sought by the Parties

Mr. Warner seeks relief in the form of a declaratory judgment, including a declaration that: (a) there is no implied or oral agreement between Mr. Warner and Ms. Zimmie pursuant to which Mr. Warner is obligated to pay Ms. Zimmie any sums for her ongoing support or for services provided to Mr. Warner; (b) any implied or oral agreement for ongoing support or other compensation arising from their prior romantic relationship (palimony) would be unenforceable under Illinois law; and (c) Mr. Warner has no obligation under any implied or oral contract to pay Ms. Zimmie any of the compensation she claims to be owed.

Ms. Zimmie seeks dismissal of the action as outlined in her Motion to Dismiss under Federal Rule 12(b)(1) and 12(b)(6).

## 2. JURISDICTION

### A. Identify Basis for Federal Question Jurisdiction

Not applicable.

### B. Identify Basis for Diversity Jurisdiction

Plaintiff claims that the Court has diversity jurisdiction over this matter. Plaintiff contends that the Court has diversity jurisdiction over his claims because Mr. Warner is domiciled in and is a citizen of the state of Illinois. Plaintiff claims that Ms. Zimmie is domiciled in and is a citizen of the state of Ohio. Defendant however claims that she is domiciled in and is a citizen of the state of California. In either event, the parties are diverse. Additionally, Plaintiff claims the amount in controversy exceeds the jurisdictional threshold because Ms. Zimmie has claimed that she is owed an eight-figure amount under the terms of the alleged implied or oral agreement that she claims

5

existed between the parties. Defendant does not concede that a case seeking only declaratory relief meets the amount in controversy requirement to establish diversity jurisdiction.

Defendant has filed a motion to dismiss asserting that the Court lacks subject matter jurisdiction based on the argument that Plaintiff lacks standing and that the claim asserted by Plaintiff is not ripe. Defendant also asks the Court to abstain from exercising its jurisdiction under the *Wilton-Brillhart* abstention doctrine.

**3.     STATUS OF SERVICE**

All Defendants have been served.

**4.     CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE**

The parties do not consent to proceed before the Magistrate Judge.

**5.     STATUS OF THE PLEADINGS AND MOTIONS**

Ms. Zimmie has filed a motion to dismiss the complaint under Federal Rule 12(b)(1) and 12(b)(6). There are no other pending motions, however, the parties may file an agreed motion for entry of a proposed confidentiality order.

**6.     STATUS OF SETTLEMENT EFFORTS**

The Parties have engaged in efforts to resolve this dispute prior to the filing of this litigation. To date, those efforts have been unsuccessful.

Date: May 18, 2021

/s/ William T. Gibbs
William T. Gibbs
CORBOY DEMETRIO LLP
33 N. Dearborn Street
21st Floor
Chicago, IL 60602
Phone: (312) 346-3191
Fax: (312) 346-5562
WTG@CorboyDemetrio.com

*Attorneys for Kathryn Zimmie*

/s/ Gregory J. Scandaglia
Gregory J. Scandaglia
Therese L. Tully
SCANDAGLIA RYAN LLP
55 E. Monroe Street, Suite 3440
Chicago, Illinois 60603
Phone: (312) 580-2020
Fax: (312) 782-3806
gscandaglia@scandagliaryan.com
ttully@scandagliaryan.com

*Attorneys for H. Ty Warner*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that, on May 18, 2021, a copy of the foregoing **Initial Joint Status Report** was served on all counsel of record via the CM/ECF electronic filing system.

Date: May 18, 2021

/s/ Gregory J. Scandaglia
SCANDAGLIA RYAN LLP
55 E. Monroe Street, Suite 3440
Chicago, Illinois 60603
Phone: (312) 580-2020
Fax: (312) 782-3806
Email: gscandaglia@scandagliaryan.com

*Attorney for H. Ty Warner*