IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| H. TY WARNER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-1390 |
| | ) | |
| KATHRYN ZIMMIE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT KATHRYN ZIMMIE'S MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

Defendant, KATHRYN ZIMMIE, by and through her attorneys, CORBOY & DEMETRIO, P.C., GOLDBERG, PERSKY & WHITE, P.C. and THE LAW OFFICES OF ROBERT M. COHEN, submits this Memorandum of Law in Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and states:

## **INTRODUCTION**

As the Seventh Circuit recently reiterated, "Article III, in short, 'prevents federal courts from answering legal questions, however important, before those questions have ripened into actual controversies between someone who has experienced (or imminently faces) an injury and another whose action or inaction caused (or risks causing) that injury.'" *Prosser v. Becerra*, No. 20-3070, 2021 U.S. App. LEXIS 19011, at *11 (7th Cir. June 25, 2021) *quoting Sweeney v. Raoul*, 990 F.3d 555, 559 (7th Cir. 2021). Stated differently, "the Constitution does not allow a federal district court to issue advisory opinions based on fears of future judgments and speculation." *Basic v. Fitzroy Eng'g*, 949 F. Supp. 1333, 1338 (N.D. Ill. 1996) *citing Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1169 (7th Cir. 1969), *cert. denied*, 395 U.S. 959, 23 L. Ed. 2d 745, 89 S. Ct. 2100 (1969).

Neither Mr. Warner's legitimate fears of future judgments, nor his speculation as to which claims Ms. Zimmie will file against him, present a 'case or controversy' for this Honorable Court to decide. His attempt to preempt certain of Ms. Zimmie's claims that may result in judgments by racing to this courthouse to bully his former partner must be rebuffed.

Mr. Warner's Opposition Brief indicates his misunderstanding of the purpose of the Declaratory Judgment Act and the federal courts. He admits that he has sought declaratory relief to resolve "the uncertainty that has been created by the alleged existence of a potential significant liability to Ms. Zimmie," but cites no case that supports the abuse of the Declaratory Judgment Act in this way. The reason for his omission of case law in support of his tactic to utilize this Court to escape liability elsewhere is obvious – there is simply no case that supports such a notion.

**ARGUMENT**

"The 'first duty in every case' in federal district court for a judge is to 'independently' determine whether or not the court has subject matter jurisdiction." *Van Der Horst v. Van Der Horst*, 2007 U.S. Dist. LEXIS 26486, at *11-12 (N.D. Ill. Apr. 10, 2007) *citing Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692-94 (7th Cir. 2003). This Honorable Court's fulfillment of its duty will result in dismissal as neither the Complaint at bar, nor the misguided arguments raised by Mr. Warner, demonstrate a justiciable case or controversy.

**I.     Since A Justiciable Case or Controversy Does Not Exist – The Action Must be Dismissed**

Mr. Warner accurately quotes the law applicable to an Article III test – that "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019) *citing MedImmune*, 549 U.S. at 127, *quoting Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941). But Mr. Warner whiffs entirely on his application of this test to his Complaint. He wrongfully claims that his Complaint satisfies the test only because he and his former cohabitant "clearly have adverse legal interests." (Opp. Br. at 5.) Parties merely having adverse legal interests do not satisfy the test. Courts in this district and elsewhere routinely dismiss attempts to "obtain a declaration of non-liability." *Cunningham Brothers v. Bail*, 407 F.2d 1165, 1167-1168 (7th Cir. 1967); *Basic v. Fitzroy Eng'g*, 949 F. Supp. 1333, 1337 (N.D. Ill. 1996) (declining Article III jurisdiction on a declaratory judgment action as the purpose is to allow a party to avoid damage prior to an impending injury-causing event, not to allow a court to advise a party as to the "legality of a proposed course of action."); *Dow Jones & Co. v. Harrods,*

3

*Ltd.*, 237 F. Supp. 2d 394, 2002 U.S. Dist. LEXIS 19516 (S.D.N.Y. 2002), aff'd, 346 F.3d 357 (2d Cir. 2003) (tactically preemptive purpose of declaring non-liability so as to guard against tort action brought by foreign national in court of another country and arising under foreign law, was not within contemplated purposes of DJA);.

The Supreme Court has stressed not only that the controversy must be sufficiently real and immediate (which it is not here), allowing specific and conclusive relief, but that it must also be ripe for adjudication (which this case is not). In *Wycoff,* the Court instructed that "the disagreement must not be nebulous or contingent but must have taken a fixed and final shape so that a court can see what legal issues it is deciding, what effect its decision will have on its adversaries, and some useful purpose to be achieved in deciding them." *Public Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 244, 73 S.Ct. 236, 240, 97 L.Ed. 291 (1952).

Here, the relief sought by Mr. Warner is based upon his concern of the outcome of a future lawsuit that will be filed against him. But Mr. Warner does not fully ascertain the claims against him at this juncture. And certainly, there would be no useful purpose achieved by litigating the issues he sets forth in his Complaint.

Ms. Zimmie will pursue claims in California state court for breach of express and implied contracts and seek the appropriate relief (i.e., palimony) based upon Mr. Warner's promises[1] to always take care of Ms. Zimmie financially, rather than permit her to scramble to stay afloat in her octogenarian stage.

But those are not the only claims that Ms. Zimmie is preparing to file – she will also plead Assault and Battery claims, claims for Conversion and Unjust Enrichment, claims for

---

[1] In the California action, Ms. Zimmie will present evidence that Mr. Warner almost always wore a wedding ring, referred to Kate as his "wife", and on more than one occasion commissioned attorneys to draw up 'prenuptial agreements'.

Intentional Infliction of Emotional Distress, and potentially others. Mr. Warner is certainly aware of his actions that from the bases for these claims – for he is the one that put his hands around Ms. Zimmie's neck, made physical threats, and perpetually psychologically and emotionally abused his partner; he is the one who benefitted substantially from Ms. Zimmie twice making over and designing/redesigning the world famous San Ysidro Ranch Hotel and made a fortune off of her design of beanie babies and logos for his various companies; he is the one who still possesses Ms. Zimmie's artwork and still uses her artwork while advertising the San Ysidro Ranch; and it is he who engaged in concocting a scheme[2] to filter funds through an LLC to make it seem as if he was paying his girlfriend and business associate.

Instead of facing the music in California for his transgressions, Mr. Warner now seeks refuge in this Court. But neither this Court, nor any court, can issue advisory opinions on the merits of Ms. Zimmie's numerous potential claims. Instead, Mr. Warner must rely upon the time-tested adversarial nature of the civil justice system to defend himself. Piecemeal proactive forecasts on the viability of Ms. Zimmie's state law rights or remedies that have yet to be litigated is not allowed by the US Constitution. *R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711 (7th Cir. 2009) *citing Brillhart v. Excess Insurance Co. of America,* 316 U.S. 491 (1942).

As stated before, "It is not one of the purposes of the declaratory judgment act to enable a prospective negligence action defendant to obtain a declaration of non-liability." *Cunningham Brothers v. Bail*, 407 F.2d 1165, 1167-1168 (7th Cir. 1967). Permitting a Complaint such as the one filed by Mr. Warner would "reverse the roles of the parties [and] would affect more than

---

[2] Mr. Warner's Complaint contained reference to an LLC and a Consulting Agreement, neither of which Ms. Zimmie was aware. Mr. Warner's Complaint and Opposition Brief both reference this purported 'agreement' yet it has never been produced or attached. Due to grave concerns over the validity and potential legality of Mr. Warner's apparent maneuverings as raised by these allegations, Ms. Zimmie has begun an investigation into these apparent improprieties. This ongoing investigation has impeded her filing of her state court complaint.

merely the form of action but would jeopardize those procedures which the law has traditionally provided to injured parties by which to seek judicial relief." *Id*. at 1168.

Contrary to Mr. Warner's erroneous reading of the *Cunningham Bros.* case, it is very much on point with the case at bar. *Id*. at 1168. There, the Seventh Circuit affirmed dismissal of the Complaint because granting a declaratory request would compel potential personal injury plaintiffs to litigate their claims at a time and in a forum chosen by the alleged tort-feasor which is a perversion of the Act. *Id*. The same holds true here.

Mr. Warner argues that *Cunningham Brothers* is not applicable to his case because he only seeks a declaratory judgment as to the existence and enforceability of the contract(s) entered between himself and Ms. Zimmie, where the underlying case in *Cunningham Brothers* was based in tort. First, this argument misconstrues Ms. Zimmie's contemplated pleadings – she will, indeed, be pleading tort actions in addition to other actions. Second, and more definitively, the Seventh Circuit directly addressed, and declined, Mr. Warner's flawed argument - "couching the suit in terms of contract rather than tort does not change the nature of the action." *Id*. at 1168.

Likely understanding that his *Cunningham Bros.* argument is worthless, he cites to a number of cases that, once read in full context, actually support dismissal in this case. Mr. Warner's cases, *Wealth Bldg. Cornerstones, LLC v. Leap Sys., LLC*, 2014 WL 108576 (W.D. Wis. Jan. 10, 2014), *DePuy Orthopaedics, Inc. v. Orthopaedic Hosp.*, 2013 WL 660470 and *Tilted Kilt Franchise Operating, LLC v. 1220, LLC*, 2016 U.S. Dist. LEXIS 99250 (N.D. Ill. July 29, 2016) all cite to the Seventh Circuit precedent that a Declaratory Judgment Plaintiff must show "a bone fide threat of injury" to present a justiciable real, substantial, and existing controversy:

> [The] action does not fit particularly well within the usual declaratory judgment pattern, under which the "natural" defendant wants to proceed with a

>business opportunity--e.g., the production of widgets--but it is impeded because of a lack of clarity as to its legal rights, fearing something like a possible patent infringement suit. It is hard to see what harm Hyatt would have suffered by waiting for Coco to sue, other than the normal uncertainty a defendant experiences while the statute of limitations is running and there is a possibility of a later obligation to pay money damages. Early resolution of a threat of litigation, in a friendly forum, is no doubt of value to a potential defendant, but the statute requires an "actual" controversy.
>
>*Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 711-12 (7th Cir. 2002) (citations omitted)

Likewise, here, it is "hard to see what harm [Warner] would have suffered by waiting for [Zimmie] to sue, other than the normal uncertainty a defendant experiences while the statue of limitations is running and there is a possibility of a later obligation to pay money damages." *Id*. The potential of being named in an action in California does not in any way impede his "production of widgets." Yet, astonishingly, Mr. Warner claims that he has "suffered an injury." (Opp. Br. at 6.) Neither his Complaint nor his Opposition Brief contains any showing of a injury – just a fear of liability.

He seemingly concedes that his decades' long assurance that "I will always take care of you" will result in a California court imposing substantial liability upon him, but that does not confer standing. Here, Mr. Warner has no standing to bring this action as he has suffered no injury – the Defendant, Ms. Zimmie is the one who has been wronged. Dismissal under these circumstances actually comports with the 1937 opinion cited by Mr. Warner, *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 242-43 (1937). *See also United States v. Prof'l Air Traffic Controllers Org. (PATCO)*, 504 F. Supp. 442, 445 (N.D. Ill. 1980) (claims asserting nothing more than speculative and hypothetical harms that do not rise to the level of "controversy" in the justiciable sense of the term must be dismissed.)

Mr. Warner also cites a 1994 decision, *NUCOR Corp.*, claiming that the facts in that case are more analogous to the case at bar compared to Ms. Zimmie's supporting case, *Cunningham Bros.* Mr. Warner's perceived differentiator is that Ms. Zimmie has yet to file her state court case in California. But Mr. Warner is again wrong on the law and the facts.

Here, the facts are very different from those in *NUCOR Corp.* – true, Ms. Zimmie advised Plaintiff that she would file the lawsuit three months after she notified Plaintiff of the claims on January 11, 2021. But it was Mr. Warner's action that impacted and supplanted that filing by racing to this courthouse to file his declaratory judgment action on March 12, 2021, a month before Ms. Zimmie's grace period ended. This unilateral "procedural fencing" renders the *NUCOR* case inapposite. *See Nucor Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 579 (7th Cir. 1994)

The law does not favor Mr. Warner's race to file first, nor his forum shopping. the Seventh Circuit has expressly disfavored applying the rule where, as here, the declaratory judgment action is filed first in anticipation of litigation by the other party. *See M Credit, Inc. v. Cadlerock, L.L.C.*, No. 03 C 1690, 2003 U.S. Dist. LEXIS 13319, at *9 (N.D. Ill. July 28, 2003). As the Seventh Circuit has explained, "a suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff will normally be dismissed and the case allowed to proceed in the usual way." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 10 F.3d 425, 431 (7th Cir. 1993).

In *M Credit Inc.*, Cadle Companies sent M Credit a letter that enclosed a draft complaint that set forth allegations that M Credit acted in bad faith and breached loan agreements with Cadle Companies. *Id.* at *2. The letter stated that Cadle Companies was prepared to proceed in US District Court of the Northern District of Ohio if M Credit refused the demand. *Id.* Cadle

8

Companies requested that M Credit advise them as to its intentions upon receipt of the letter. *Id.* Three days after M Credit received Cadle Companies' letter they filed a declaratory judgment action in US District Court of the Northern District of Illinois seeking a judicial declaration that M Credit does not have a present obligation to lend money to Cadle Companies. *Id.* at *3.

The district court dismissed, explaining that it "decline[s] to reward M Credit for its victory in reaching the courthouse first… Instead, we acknowledge the Cadle Companies' choice of forum and dismiss M Credit's declaratory judgment action, thereby permitting the Cadle Companies' lawsuit "to proceed in the usual way." *M Credit, Inc. v. Cadlerock, L.L.C.*, No. 03 C 1690, 2003 U.S. Dist. LEXIS 13319, at *14 (N.D. Ill. July 28, 2003) *citing Allendale Mut. Ins. Co.*, 10 F.3d at 431.

The applicable facts in Ms. Zimmie's case are that she informed Mr. Warner of where and when she was planning to file her complaint if he was not willing to resolve the dispute amicably.  Ms. Zimmie, in good faith (and cloaked in confidentiality which Mr. Warner has obviously disregarded), provided Plaintiff with the date that she would file the complaint.  But Mr. Warner litigiously "raced to the courthouse" to file his Declaratory Judgment Action knowing that Ms. Zimmie was still a month away from filing her complaint.  And his Complaint contained information never before known to Ms. Zimmie about the ways in which the billionaire had apparently maneuvered funds through an LLC.

The Complaint for declaratory relief here was obviously filed with the sole view of preempting Ms. Zimmie from proceeding with her claims in California.  It is clear that, by filing the Complaint, Mr. Warner sought to haul Ms. Zimmie into this federal court only to have the court issue an order essentially stating that the California Palimony claims are meritless.

9

Mr. Warner's attempt to forum shop should not go unnoticed. "A suit for declaratory judgment aimed solely at wresting the choice of forum from the 'natural' plaintiff [should] normally be dismissed and the case allowed to proceed in the usual way." *Allendale*, 10 F.3d 425, 431 (7th Cir.1993). This procedural fencing by Mr. Warner must be recognized and eradicated as courts in this district have dismissed improper anticipatory filings despite relatively long delays between the first-filed declaratory judgment action and second-filed action. See *Cohrent Econ., LLC v. Verition Partners Masters Fund, Ltd.*, No. 18-cv-8376, 2020 U.S. Dist. LEXIS 25817, at *13 (N.D. Ill. Feb. 14, 2020) *citing Wilson Sporting Goods Co. v. Nicklaus Golf Equip. Co., L.L.C.*, No. 03 C 1520, 2004 U.S. Dist. LEXIS 171, at *12 (N.D. Ill. Jan. 6, 2004).

**II.   Assuming, *Arguendo*, That the Complaint Meets the Case or Controversy Requirement, The Court Should Abstain from Issuing the Declaratory Relief Sought**

Plaintiff contends that the *Wilton-Brillhart* abstention doctrine is "inapplicable" since Ms. Zimmie has yet to file her state court case. Plaintiff is wrong. The existence of a parallel suit in state court is neither necessary nor sufficient for a district court to exercise its discretion in abstaining from issuing declaratory relief. *See Medical Assur. Co., v. Hellman*, 610 F.3d 371, 379 (7th Cir. 2010) ("Even if there is no parallel proceeding, the district court still has discretion to decline to hear a declaratory judgment suit.")

Indeed, "there is 'no doubt' that a district court 'may dismiss or stay an action under the *Wilton/Brillhart* abstention doctrine where solely declaratory relief is sought." *R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711 (7th Cir. 2009) *citing Brillhart v. Excess Insurance Co. of America,* 316 U.S. 491 (1942). Here, Mr. Warner seeks a declaration that would disrupt the comity between the federal and state court systems. By filing this action, Mr. Warner attempts to

10

evade liability in the state court system. This slight-of-hand maneuver should result in dismissal. *See Provident Tradesmens Bk. & Tr. Co. v. Patterson*, 390 U.S. 102, 126 (1968) ("we reaffirm our prior holding that a federal district court should, in the exercise of discretion, decline to exercise jurisdiction over a diversity action raising issues of state law when those same issues are being presented contemporaneously to state courts")

## **CONCLUSION**

WHEREFORE, for the reasons set forth above and, in her Motion to Dismiss, Defendant respectfully requests that the Court dismiss the Complaint in its entirety, with prejudice.

June 28, 2021

/s/ William T. Gibbs
William T. Gibbs
CORBOY & DEMETRIO, P.C.
Attorneys for Defendant
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
Firm ID. 108
ccfiling@corboydemetrio.com

Robert M. Cohen
LAW OFFICES OF ROBERT M. COHEN
Attorney for Defendant
301 North Canon Drive, Suite 300
Beverly Hills, California 90210
(310) 277-1127
office@bobcohenesq.com

Jason E. Lukasevic
GOLDBERG PERSKY WHITE P.C.
Attorney for Defendant
11 Stanwix Street, Suite 1800
Pittsburgh, PA 15222
(412) 471-3980
jluckasevic@gpwlaw.com