# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| H. TY WARNER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 21-cv-1390 |
| KATHRYN ZIMMIE, | ) |
| Defendant. | ) |

## COMPLAINT

## NATURE OF THE ACTION

1. This Complaint seeks declaratory relief to resolve a dispute between H. Ty Warner ("Mr. Warner") and Kathryn Zimmie ("Ms. Zimmie") regarding Ms. Zimmie's claim that she is owed compensation in an eight-figure amount pursuant to an alleged implied or oral agreement between the parties. Ms. Zimmie had both a personal and a business relationship with Mr. Warner. Their personal relationship ended in October of 2020. Shortly thereafter, Ms. Zimmie, through her attorney, informed Mr. Warner that he owed her significant compensation for her companionship over the years and for services she rendered to Mr. Warner and his companies, Ty Warner Hotels and Resorts LLC ("TWHR") and Ty Inc. ("Ty").

Mr. Warner disputes Ms. Zimmie's claim that there is any implied or oral agreement between the parties. Mr. Warner therefore brings this declaratory judgment action.

## PARTIES

2. Plaintiff H. Ty Warner is a citizen of Illinois who resides in Oak Brook, Illinois.

3. Defendant Kathryn Zimmie is a citizen of Ohio who resides in Rocky River, Ohio.


EXHIBIT A

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Mr. Warner is a citizen of Illinois and Ms. Zimmie is a citizen of Ohio. The amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs.

5. This Court has jurisdiction to enter a judgment declaring the rights and other legal relations of any interested party seeking such a declaration pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

6. This Court has personal jurisdiction over Ms. Zimmie because Ms. Zimmie's relationship with Mr. Warner was centered in Illinois as they spent a significant amount of time cohabitating together in this state, Ms. Zimmie performed significant work for Mr. Warner's companies that are headquartered in Illinois under a written contract created under and governed by Illinois law, and she maintains an office at the Ty Inc. corporate headquarters, and any alleged implied or oral agreement would have arisen out of conduct that occurred in Illinois.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims at issue occurred in this district.

## STATEMENT OF RELEVANT FACTS

8. Ms. Zimmie became acquainted with Mr. Warner many years ago and over time developed both a business relationship with Mr. Warner's companies, Ty and TWHR, and a personal relationship with Mr. Warner.

9. In October 2020, Ms. Zimmie ended her personal relationship with Mr. Warner.

10. On December 7, 2020, Ms. Zimmie, through her attorney, contacted Mr. Warner and advised him that she was seeking compensation from Mr. Warner pursuant to some unidentified "financial responsibility" she claimed to be owed.

11. On January 29, 2021, Ms. Zimmie's attorney wrote to counsel for Mr. Warner and advised him that Ms. Zimmie was seeking compensation in an eight-figure range in connection with an implied or oral agreement that Ms. Zimmie alleges was created as a result of the personal relationship that previously existed between Mr. Warner and Ms. Zimmie.

12. According to Ms. Zimmie, the parties allegedly cohabitated for many years, discussed the possibility of getting married, and held themselves out as being married.

13. Ms. Zimmie contends that during the course of the parties' personal relationship, she devoted her efforts to Mr. Warner's needs and personal interests and also performed numerous work-related services for Mr. Warner, including assisting with the design of hotel rooms, restaurants, and marketing materials relating to both TWHR hotels and to Ty Inc's Beanie Baby plush toy line, and assisting with other work related to Ty Inc.'s Beanie Baby plush toy line.

14. Ms. Zimmie claims that Mr. Warner purportedly told her that if she took care of him, he would always take care of her.

15. As a result, Ms. Zimmie claims an implied or oral contract was formed and that she has a palimony claim against Mr. Warner arising out of this contract.

16. Mr. Warner disputes that any such implied or oral contract was formed between the parties. Mr. Warner further asserts that the only agreement which exists between the parties is a consulting agreement that Ms. Zimmie and her company, Cleveland Designs Consultants LLC, entered into with Ty Inc. and Ty Warner Hotels and Resorts LLC on January 16, 2018. This

agreement is still in effect and Ms. Zimmie is still being paid a monthly consulting fee of $16,666.00 in connection with this agreement.

17. Because Mr. Warner does not believe that there exists any agreement to provide financial compensation to Ms. Zimmie other than the consulting agreement described above and further believes that no additional compensation is owed to Ms. Zimmie, he has filed this complaint seeking declaratory relief.

## COUNT I

## DECLARATORY JUDGMENT

18. Mr. Warner incorporates by reference the allegations in the preceding paragraphs.

19. Ms. Zimmie asserts that there is an implied or oral agreement between herself and Mr. Warner pursuant to which she is owed damages in an eight-figure amount.

20. Mr. Warner believes that there is no implied or oral contract between himself and Ms. Zimmie and that any such alleged agreement would be void under Illinois law.

21. Accordingly, there is a genuine and bona fide dispute between Mr. Warner and Ms. Zimmie with respect to the existence of any implied or oral agreement, the validity of such an agreement, and the rights and obligations of the parties to one another.

22. An actual, present and justiciable controversy thus has arisen between Mr. Warner and Ms. Zimmie warranting the entry of declaratory relief.

WHEREFORE, Mr. Warner respectfully request entry of a judgment in his favor and against Ms. Zimmie declaring that:

    a) There is no implied or oral agreement between Mr. Warner and Ms. Zimmie pursuant to which Mr. Warner is obligated to pay Ms. Zimmie any sums for her ongoing support or for services provided to Mr. Warner.

b) Any implied or oral agreement for palimony would be void under Illinois law.

c) Mr. Warner therefore has no obligation under any implied or oral contract to pay Ms. Zimmie any of the compensation she claims to be owed.

Respectfully submitted,

H. TY WARNER

By: /s/ Gregory J. Scandaglia
     One of his attorneys

Gregory J. Scandaglia (#6195144)
Therese L. Tully (#6238271)
SCANDAGLIA RYAN LLP
55 E. Monroe Street, Suite 3440
Chicago, IL 60603
Phone: (312) 580-2020
Fax: (312) 782-3806
gscandaglia@scandagliaryan.com
ttully@scandagliaryan.com

5