#108          WTG\acf          4/19/2021          2021S-0070

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

H. TY WARNER,

         Plaintiff,

         v.                                    No.     21-cv-1390

KATHRYN ZIMMIE,

         Defendant.

## DEFENDANT, KATHRYN ZIMMIE'S, MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(b)(1) and 12(b)(6)

Defendant, Kathryn Zimmie, by and through her attorneys, CORBOY & DEMETRIO,

P.C., GOLDBERG, PERSKY & WHITE, P.C., and THE LAW OFFICES OF ROBERT M.

COHEN, moves for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6)

as this Court lacks subject matter jurisdiction and the Complaint fails to state a claim upon which

relief can be granted as articulated in her contemporaneously file Memorandum of Law.



WHEREFORE, Defendant respectfully requests that the Court grants her motion to

dismiss the Complaint in its entirety, with prejudice.

May 13, 2021

/s/ William T. Gibbs
William T. Gibbs
CORBOY & DEMETRIO, P.C.
Attorneys for Defendant
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
Firm ID. 108
ccfiling@corboydemetrio.com

Jason E. Lukasevic
GOLDBERG PERSKY WHITE P.C.
Attorney for Defendant
11 Stanwix Street, Suite 1800
Pittsburgh, PA 15222
(412) 471-3980
jluckasevic@gpwlaw.com

Robert M. Cohen
LAW OFFICES OF ROBERT M. COHEN
Attorney for Defendant
301 North Canon Drive, Suite 300
Beverly Hills, California 90210
(310) 277-1127
office@bobcohenesq.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| H. TY WARNER, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-1390 |
| | ) | |
| KATHRYN ZIMMIE, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT KATHRYN ZIMMIE'S MEMORANDUM OF LAW IN SUPPORT OF**
**HER MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Defendant, KATHRYN ZIMMIE, by and through her attorneys, CORBOY &

DEMETRIO, P.C., GOLDBERG, PERSKY & WHITE, P.C. and THE LAW OFFICES OF

ROBERT M. COHEN, submits this Memorandum of Law in Support of her Motion to Dismiss,

pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and states:

1

## STATEMENT OF FACTS

Plaintiff, H. Ty Warner ("Mr. Warner"), filed the instant action seeking a declaration that the Defendant, Kathryn Zimmie ("Ms. Zimmie"), is not "owed compensation in an eight-figure amount pursuant to an alleged implied or oral agreement" between the parties. (Compl. ¶ 1). Further, Mr. Warner requests that this Court enter an order declaring that he "has no obligation under any implied or oral contract to pay Ms. Zimmie any of the compensation she claims to be owed." (Compl. ¶ 22). Finally, Mr. Warner prays that this Court proclaim that "any implied or oral agreement for palimony would be void under Illinois law." *Id*.

Mr. Warner and Ms. Zimmie recently ended a long-standing personal relationship, during which the parties cohabitated in California.[1] (Compl. ¶ 9). In addition to a personal relationship, Ms. Zimmie had a business relationship with Mr. Warner and Mr. Warner's companies, Ty Inc. ("Ty") and Ty Warner Hotels and Resorts LLC ("TWHR"). (Compl. ¶ 8). Although the parties were never married, they held themselves out as being married. (Compl. ¶12).

During their relationship, Ms. Zimmie devoted her efforts to Mr. Warner's personal and professional needs and interests. (Compl. ¶ 13). Ms. Zimmie's impact on Mr. Warner's companies included the design of hotel rooms and restaurants, the development of marketing materials relating to TWHR hotels and Ty Inc.'s Beanie Baby plush toy line, as well as other tasks related to the development of Ty Inc.'s Beanie Baby line. *Id*.

While not yet commenced, Ms. Zimmie has indicated her intent to pursue various causes of action against Mr. Warner, including, but not limited to, palimony claims in accordance with California law. (Compl. ¶ 11). Mr. Warner "believes that there is no implied or oral contract between himself and Ms. Zimmie and that any such alleged agreement would be void under

---

[1] Contrary to the vague and mistaken allegations in The Complaint, Ms. Zimmie's domicile is California.

2

Illinois law," so he asks this Court to issue a declaration regarding "the existence of any implied or oral agreement, the validity of such an agreement, and the rights and obligations of the parties to one another." (Compl. ¶ 20-21).

## **ARGUMENT**

This Honorable Court should swiftly dismiss the present Complaint. The Plaintiff's insolent and asinine request for a declaration of non-liability in this Court is perplexing and impermissible. It is an affront to the U.S. Constitution, to federal jurisprudence, and to the traditional procedures for the adjudication of civil cases. Plaintiff's invitation to vastly expand the purpose of the Declaratory Judgment Act by prospectively enjoining an adversary's right to pursue certain common law negligence and contract claims against him must be rejected.

Where a Plaintiff, such as Mr. Warner, requests declaratory relief that would operate as a prelude to, or preparation for, a myriad of individual damage claims, the District Court must decline to entertain such an action. As Justice Jackson warned long ago:

> If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. This is dubious even though the declaratory complaint sets forth a claim of federal right, if that right is in reality in the nature of a defense to a threatened cause of action. Federal courts will not seize litigations from state courts merely because one, normally a defendant, goes to federal court to begin his federal-law defense before the state court begins the case under state law.

*Public Service Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 248 (1952).

Here, Mr. Warner mistakenly contends that this Court can, and should, preclude any and all of Ms. Zimmie's state law claims. It is axiomatic that neither this Court, nor any court, can issue advisory opinions on the merits of Ms. Zimmie's numerous potential claims. It is nonsensical for Mr. Warner to request this Court to proactively forecast the viability of Ms. Zimmie's state law rights or remedies that have yet to be litigated.

3

Where the Plaintiff has not pled a justiciable case or controversy, the Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(1).  Even if the Court were to find that Mr. Warner has standing and that there exists a ripe case or controversy between the parties, Defendant urges this Court to exercise its inherent discretion and decline Mr. Warner's invitation to wade into the merits of state law claims.  Because this type of action abhors the fundamental notions upon which our civil justice system is based, it should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(6).

### I.       A Justiciable Case or Controversy Does Not Exist - Article III of the US Constitution Does Not Confer Federal Jurisdiction

The Declaratory Judgment Act provides that "In a _case of actual controversy_ within its jurisdiction[2]," a district court "_may declare_ the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphases added).  However, where there is no "case of actual controversy" pled, the Complaint should be dismissed pursuant to Fed. R. Civ. P. Rule 12(b)(1).  *See C&K NuCo, LLC v. Expedited Freightways, LLC*, No. 13 C 4006, 2014 U.S. Dist. LEXIS 138650, at *18 (N.D. Ill. Sep. 30, 2014).

Article III of the Constitution limits the jurisdiction of federal courts to "cases" and "controversies." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019).  The phrase "case of actual controversy" in the Declaratory Judgment Act "refers to the type of 'cases' and 'controversies' that are justiciable under Article III." *Id. citing MedImmune, Inc. v. Genentech,*

---

[2] As stated above, and throughout, the facts giving rise to Ms. Zimmie's claims occurred primarily within on the state of California.  As such, it is questionable whether Mr. Warner's purported controversy exists with this jurisdiction.  Further, his Complaint seeks only a declaration, so it is dubious whether this Court has subject matter jurisdiction pursuant to 28 U.S.C.S. § 1332.  Defendant does not waive these issues, but proffers that the Complaint should be dismissed on Article III grounds in advance of an inquiry into Diversity Jurisdiciton.

*Inc.*, 549 U.S. 118, 127 (2007), citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937).

The Complaint at bar fails to establish standing or ripeness as Article III mandates.

### A.     The Plaintiff Lacks Standing

Standing is an essential component of Article III's case-or-controversy requirement. *Apex Dig., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009) *citing Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) ("the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III").  "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or particular issues." *Perry v. Vill. of Arlington Heights*, 186 F.3d 826, 829 (7th Cir. 1999) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

Here, Mr. Warner has no standing to bring this action as he has suffered no injury – the Defendant, Ms. Zimmie is the one who has been wronged.   "It is not one of the purposes of the declaratory judgment act to enable a prospective negligence action defendant to obtain a declaration of non-liability." *Cunningham Brothers v. Bail*, 407 F.2d 1165, 1167-1168 (7th Cir. 1967).

This is not a patent infringement action nor an insurance dispute.  The claims that Ms. Zimmie will pursue against Mr. Warner are common law negligence and contract claims based upon their decades-long relationship in California.  See *Marvin v. Marvin*, 18 Cal. 3d 660 (Cal. 1976) (nonmarital cohabitants should be treated "as any other persons" and that contracts between them are valid and enforceable); *See also* Restatement (Third) of Restitution and Unjust Enrichment § 28(1) (2011).

As the Seventh Circuit has stated, permitting a Complaint such as the one filed by Mr. Warner would "reverse the roles of the parties [and] would affect more than merely the form of

action, but would jeopardize those procedures which the law has traditionally provided to injured

parties by which to seek judicial relief." *Cunningham Bros., Inc.,* 407 F.2d at 1168. This case is

similar to the *Cunningham Brothers* case, in which the plaintiff filed a declaratory judgment

complaint after the defendant filed a complaint for personal injuries against the plaintiff.

*Cunningham Brothers*, 407 F.2d at 1168. The Seventh Circuit affirmed dismissal of the

Complaint and held that the plaintiff was not entitled to a declaratory judgment because granting

this declaratory request would compel potential personal injury plaintiffs to litigate their claims

at a time and in a forum chosen by the alleged tort-feasor which is a perversion of the Act. *Id*.

Likewise, this Court should dismiss and permit the parties to litigate, on the merits, Ms.

Zimmie's state law claims for Palimony, Breach of Implied Contract(s), Unjust Enrichment,

Intentional Infliction of Emotional Distress, and others, in the appropriate forum. Mr. Warner's

attempt to thwart Ms. Zimmie's claims at a time and in a forum chosen by him, the alleged tort-

feasor and breaching party, must be rebuffed.

### B.    The Case is Not Ripe

Another aspect of the case-or-controversy requirement is ripeness. *Central States,*

*Southeast and Southwest Areas Health and Welfare Fund ex rel. Bunte v. American Int'l Group*,

840 F.3d 448, 451 n.2 (7th Cir. 2016), citing *Metropolitan Washington Airports Auth. v. Citizens*

*for Abatement of Aircraft Noise, Inc.*, 501 U.S. 252, 265 n.13 (1991). Declaratory judgment

actions are ripe and otherwise justiciable only when "the facts alleged, under all the

circumstances, show that there is a substantial controversy, between parties having adverse legal

interests, of sufficient immediacy and reality to warrant the issuance of a declaratory

judgment." *MedImmune*, 549 U.S. at 127, quoting *Maryland Casualty Co. v. Pacific Coal & Oil*

*Co.*, 312 U.S. 270, 273 (1941).

But there must be a "definite and concrete," "real and substantial" dispute that "touches the legal relations of parties having adverse legal interests" and "admits of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.*, quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240 (1937); *Harris Trust and Savings Bank v. E-II Holdings, Inc.*, 926 F.2d 636, 639-640 (7th Cir. 1991).

Here, Mr. Warner has pled certain facts and averred that these facts may constitute a contemplated cause of action against him. (Compl. ¶ 20-22). While he is correct that his course of conduct in relation to Ms. Zimmie is actionable, he is not entitled to predict Ms. Zimmie's pleadings, nor enjoin her from pleading her allegations in the forum of her choice.

Article III does not empower Mr. Warner to bully his former personal and professional partner into submission before she has even stated her claim. Where there is no actual, present, and justiciable controversy between Plaintiff and Defendant, the entry of declaratory relief pursuant to the Declaratory Judgment Act, is not warranted. *Flying J Inc. v. City of New Haven*, 549 F.3d 538, 544 (7th Cir.2008)); *See also Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394 (S.D.N.Y. 2002), aff'd, 346 F.3d 357 (2d Cir. 2003)(Court found that application of Declaratory Judgment Act, for tactically preemptive purpose of declaring non-liability so as to guard against tort action brought by foreign national in court of another country and arising under foreign law, was not within contemplated purposes of.

Because the Complaint does not plead facts giving rise to a case of actual controversy, the Complaint should be dismissed, permitting Ms. Zimmie to pursue redress for Mr. Warner's reprehensible actions.

7

**II.     The Court Should Abstain from Issuing the Declaratory Relief Sought**

In addition to requiring Plaintiff to plead a *case of actual controversy* within its

jurisdiction," The Declaratory Judgment Act provides that a district court "*may declare* the rights

and other legal relations of any interested party seeking such declaration, whether or not further

relief is or could be sought." 28 U.S.C. § 2201(a) (emphases added).  "By the Declaratory

Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created

an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants." *Wilton v.

Seven Falls Co.*, 515 U.S. 277, 288 (1995).  Under the facts pled here, this Honorable Court need

not, and should not, utilize its remedial arrow and instead should exercise its discretion to decline

to weigh in on the validity of potential causes of action that will be pursued in other jurisdictions.

The only relief sought by Mr. Warner is a declaration regarding "the existence of any

implied or oral agreement, the validity of such an agreement, and the rights and obligations of

the parties to one another."  (Compl. ¶ 20-21).  "There is 'no doubt' that a district court 'may

dismiss or stay an action under the *Wilton/Brillhart* abstention doctrine where solely declaratory

relief is sought."  *R.R. St. & Co. v. Vulcan Materials Co.*, 569 F.3d 711 (7th Cir. 2009) *citing

Brillhart v. Excess Insurance Co. of America,* 316 U.S. 491 (1942).

"*Wilton-Brillhart* abstention applies when 'a federal court [is called upon] to proceed in a

declaratory judgment suit where another suit is pending in state court presenting the same issues,

not governed by federal law, between the same parties.'" *Arnold v. KJD Real Estate, LLC*, 752

F.3d 700, 707 (7th Cir. 2014) (quoting *Brillhart*, 316 U.S. at 495) (brackets in original).  "Under

the doctrine, a district court may — not must, *may* - abstain when "solely declaratory relief is

sought, and parallel state proceedings are ongoing." *Wildberry Condo. Ass'n*, 2021 U.S. Dist.

LEXIS 37107, at *7-9.

8

But, the doctrine rooted in the statutory text and grounded in federalism and comity does not only apply when parallel state proceedings are ongoing.  *Wildberry Condo. Ass'n*, 2021 U.S. Dist. LEXIS 37107, at \*3. Since Federalism requires a "spirit of reciprocal comity and mutual assistance to promote due and orderly procedure…[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."  *See Brillhart*, 316 U.S. at 495.

Here, Mr. Warner seeks a declaration that would disrupt the comity between the federal and state court systems.  By filing this action, Mr. Warner attempts to evade liability in the state court system.  This slight-of-hand maneuver does not comport with the long-standing principles inherent in United States jurisprudence.

As the *American Auto Ins. Co*. court stated, a "federal court should not exercise their jurisdiction when state courts enjoy concurrent jurisdiction" and that "the court will refuse a declaration where another remedy will be more effective or appropriate under the circumstances." *American Auto. Ins. Co. v. Freundt,* 103 F.2d 613, 617 (7th Cir. 1939).  As such, "the wholesome purposes of declaratory acts would be aborted" if Mr. Warner's ploy to use it as an instrument of procedural fencing to choose a forum were allowed. *Id*. at 618.  Because "a federal court should deny declaratory relief where the result would be interference with and a disruption of state court proceedings" this instant Complaint should be dismissed. *Travelers Ins. Co. v. Davis*, 490 F.2d 536, 544 (3d. Cir. 1974).

## CONCLUSION

For the reasons set forth above, the plaintiffs' claims seeking declaratory judgment

should be dismissed because the attempted use of declaratory relief is a perversion of the

Declaratory Judgment Act and aborts the wholesome purposes of the Act.  Consequently,

Defendant respectfully requests that the Court dismiss the Complaint in its entirety.


May 13, 2021                                          /s/ William T. Gibbs
                                                     William T. Gibbs
                                                     CORBOY & DEMETRIO, P.C.
                                                     Attorneys for Defendant
                                                     33 North Dearborn Street, 21st Floor
                                                     Chicago, Illinois 60602
                                                     (312) 346-3191
                                                     Firm ID. 108
                                                     ccfiling@corboydemetrio.com

                                                     Robert M. Cohen
                                                     LAW OFFICES OF ROBERT M. COHEN
                                                     Attorney for Defendant
                                                     301 North Canon Drive, Suite 300
                                                     Beverly Hills, California 90210
                                                     (310) 277-1127
                                                     office@bobcohenesq.com


                                                     Jason E. Lukasevic
                                                     GOLDBERG PERSKY WHITE P.C.
                                                     Attorney for Defendant
                                                     11 Stanwix Street, Suite 1800
                                                     Pittsburgh, PA 15222
                                                     (412) 471-3980
                                                     jluckasevic@gpwlaw.com