IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **H. TY WARNER**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-1390 |
| | ) | |
| v. | ) | Judge Martha M. Pacold |
| | ) | |
| **KATHRYN ZIMMIE**, | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF H. TY WARNER'S MEMORANDUM OF LAW IN
OPPOSITION TO DEFENDANT'S MOTON TO DISMISS PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)</u>**

Defendant Kathryn Zimmie's ("Ms. Zimmie") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) ("Motion to Dismiss") is filled with hyperbolic rhetoric, mischaracterizations of the nature and context for this action, and misstatements of the law. Ms. Zimmie wrongly contends that the Court lacks jurisdiction based on the incorrect arguments that Plaintiff H. Ty Warner ("Mr. Warner") lacks standing and that his claim is not ripe. In the alternative, Ms. Zimmie argues that, even if the Court has jurisdiction, it should decline to exercise it under the *Wilton-Brillhart* abstention doctrine. The Court should reject both of these arguments and deny Ms. Zimmie's Motion to Dismiss.

**<u>BACKGROUND</u>**

For a number of years, Mr. Warner and Ms. Zimmie had both a personal relationship and a business relationship. That relationship was centered in Illinois.[1] Mr. Warner lives and works

---

[1] Ms. Zimmie argues, without any evidentiary support, that she is a citizen of California rather than Ohio, and that the parties had a decades-long relationship in California. Because Ms. Zimmie has elected not to support her assertions with any evidence, they must be disregarded for purposes of this Motion, and Mr. Warner's allegations regarding the citizenship of the parties must be accepted as true. *Palos Cmty. Hosp.*


EXHIBIT C

in Illinois and, in connection with their personal relationship, Mr. Warner and Ms. Zimmie spent the majority of their time together at Mr. Warner's residence in Oak Brook. In addition to her personal relationship with Mr. Warner, Ms. Zimmie, through her company, Cleveland Design Consultants, LLC ("Cleveland Design"), performed work for Mr. Warner's companies – Ty Inc. and Ty Warner Hotels & Resorts, LLC. Ms. Zimmie was compensated approximately $200,000 per year for this work pursuant to a consulting agreement that was entered into between her company and Mr. Warner's companies ("Consulting Agreement"). This Consulting Agreement was formed in Illinois and was governed by Illinois law. In connection with the Consulting Agreement, Ms. Zimmie performed significant work in Illinois for Mr. Warner's companies, both of which are headquartered in Illinois. Ms. Zimmie also maintained an office at the Ty Inc. corporate headquarters in Illinois.

In October of 2020, Ms. Zimmie decided to end her personal relationship with Mr. Warner. Thereafter, her attorney advised Mr. Warner that Ms. Zimmie was seeking compensation from him in an eight-figure range in connection with an implied or oral agreement for palimony, including support and a right to a portion of the wealth that Mr. Warner accumulated during their relationship. Ms. Zimmie alleges this implied agreement was created because of the personal relationship that previously existed between Mr. Warner and Ms. Zimmie. Mr. Warner disputes that any such implied or oral contract was formed between the parties. Mr. Warner further asserts that the only agreement which existed between the parties is the Consulting Agreement.

---

*v. Diversified Clinical Services, Inc.*, 2016 WL 2984342, at *2 (N.D. Ill. May 24, 2016). Furthermore, Ms. Zimmie's claims about her citizenship are irrelevant because, regardless of whether Ms. Zimmie is a citizen of Ohio or California, there is diversity here.

2

For almost six months, counsel for Ms. Zimmie has asserted a right to future payments from Mr. Warner and threatened to file suit. During that lengthy period, Mr. Warner has had to proceed with the financial planning for his business and personal needs with the uncertainty of the potential liability to Ms. Zimmie hanging in the balance. The uncertainty regarding Mr. Warner's future legal duties and the significant potential financial obligation impacts the favorability of the terms he may get in connection with his business dealings. As a result of the uncertainty that has been created by the alleged existence of a potential significant liability to Ms. Zimmie and because of the genuine dispute between Mr. Warner and Ms. Zimmie with respect to the existence of any implied or oral agreement that would give rise to such a liability, the validity of such an agreement, and the rights and obligations of the parties to one another, Mr. Warner has sought declaratory relief to resolve these issues.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) governs a motion to dismiss for lack of subject matter jurisdiction. In ruling on such a motion, a court must determine whether the challenge is factual or facial. *Palos Cmty. Hosp.*, 2016 WL 2984342, at *2. If the defendant submits evidence and disputes the truth of the plaintiff's allegations in the complaint – which constitutes a factual challenge – then the court may consider any competent proof submitted by the parties. *Id.* On the other hand, when a defendant merely raises a facial challenge and provides no evidence to challenge jurisdiction, as Ms. Zimmie has done, then the court must "construe[] the complaint in the light most favorable to the plaintiff, accept[] as true all well-pleaded facts therein, and draw[] all reasonable inferences in plaintiff's favor." *Gryga v. Henkels & McCoy Group, Inc.*, 2019 WL 3573565, at *2 (N.D. Ill. Aug. 6, 2019).

Under Federal Rule of Civil Procedure 12(b)(6), a court also "must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Hallom v. City of Chicago*, 2019 WL 1762912, at *1 (N.D. Ill. Apr. 22, 2019). So long as those facts state a claim that is plausible on its face, dismissal is improper. *Id.* A plaintiff thus only needs to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under this standard, Ms. Zimmie's motion to dismiss should be denied.

## ARGUMENT

Ms. Zimmie argues that this Court lacks jurisdiction over Mr. Warner's complaint for declaratory relief based on the incorrect assertion that there is no justiciable case or controversy between the parties because Mr. Warner allegedly lacks standing and the dispute between the parties is allegedly not ripe.[2] In the alternative, Ms. Zimmie asks the Court to refrain from excising its jurisdiction over the Complaint based on an inapplicable abstention doctrine. All of Ms. Zimmie's arguments are without merit. Contrary to Ms. Zimmie's assertions, as discussed in detail below, this case squarely presents a case or controversy within the meaning of Article III of the United States Constitution and there is no basis for the Court to abstain from exercising its jurisdiction.

**1. Mr. Warner Has Standing to Assert the Declaratory Claim in his Complaint.**

Ms. Zimmie first argues that the claim presented in the Complaint fails to satisfy the case or controversy requirement of Article III because Mr. Warner purportedly lacks standing. In

---

[2] Ms. Zimmie claims that Mr. Warner's suit seeks to enjoin her from asserting the claims she contends she has against Mr. Warner. This assertion is untrue. Ms. Zimmie is free to assert whatever claims she thinks she can properly assert as counterclaims in this litigation – nothing about this lawsuit prevents her from doing so.

4

determining whether a plaintiff has standing to seek a declaratory judgment, the Court considers "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Kraft Foods v. Retail Wholesale & Dept. Store Union*, 2012 WL 1080544, at *2 (N.D. Ill. Mar. 30, 2012).

Here, Mr. Warner easily satisfies the test articulated above and therefore has standing to assert his claim in this declaratory action. There is a definite and concrete dispute between Mr. Warner and Ms. Zimmie which touches on the legal relations between these two parties who clearly have adverse legal interests. Ms. Zimmie claims that there exists a contract pursuant to which Mr. Warner is obligated to pay her significant financial support and a portion of his wealth accumulated during their relationship now and in the future. On the other hand, Mr. Warner claims that no such contract exists and that he therefore has no present or future financial obligations to Ms. Zimmie. As numerous courts in this circuit have found, such a dispute plainly presents a case or controversy within the meaning of Article III. *NUCOR Corp.*, 28 F.3d at 579 579 (affirming a declaratory judgment stating that the parties had not entered into a binding contract and noting "[t]he judgment would serve the useful purpose of settling the contractual relationships"); *Wealth Bldg. Cornerstones, LLC v. Leap Sys., LLC*, 2014 WL 108576, at *3-5 (W.D. Wis. Jan. 10, 2014) (refusing to dismiss a claim seeking a declaratory judgment that a contract had expired and not been renewed); *DePuy Orthopaedics, Inc. v. Orthopaedic Hosp.*, 2013 WL 660470, at *4 (N.D. Ind. Feb. 22, 2013) ("In the context of disputes between parties to a contract, the declaratory judgment remedy 'is intended to provide a means of settling an actual controversy before it ripens into a violation of the civil or criminal law, or a breach of a contractual duty.'") (citation omitted); *see also Tilted Kilt Franchise Operating, LLC v. 1220, LLC*, 2016 WL

5

4063172, at *6 (N.D. Ill. July 29, 2016) ("In fact, asking a court to declare a contracting party's right to terminate is common."); *Palos Cmty. Hosp.*, 2016 WL 2984342, at *3-4 (holding there is an actual controversy where the parties disputed whether a contract had been terminated and, if so, the defendant's post-termination obligations).

    a. <u>Mr. Warner Has Suffered an Injury.</u>

Ms. Zimmie contends without support that Mr. Warner has suffered no injury and that standing is therefore lacking. However, as set forth above in the Background section, Mr. Warner has suffered and will continue to suffer harm as a result of the concrete dispute that currently exists between him and Ms. Zimmie regarding the existence and validity of any alleged contract for palimony, and the nature of any current and future legal obligations that would be imposed on him, if such an agreement is found to exist and be enforceable. It is well established that jurisdiction is present when a plaintiff seeks declaratory relief to determine the existence, validity, and extent of any future obligations imposed by an alleged contract between the parties. *E.g., NUCOR Corp.*, 28 F.3d at 579; *Palos Cmty. Hosp.*, 2016 WL 2984342, at *3-4; *Wealth Bldg. Cornerstones, LLC*, 2014 WL 108576, at *3-5; *DePuy Orthopaedics, Inc.*, 2013 WL 660470, at *4.

Standing exists here for two additional reasons. <u>First</u>, Ms. Zimmie is claiming that, under the terms of the alleged contract between her and Mr. Warner, she is owed an eight-figure amount for current and future support and a portion of the wealth Mr. Warner accumulated during their relationship. Ms. Zimmie's assertion of a substantial contingent liability establishes injury for the purposes of standing, particularly where it is having a negative impact on Mr. Warner's business interests. *See Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 242-43 (1937) (holding a controversy regarding a contingent liability was justiciable because the parties "had taken adverse positions with respect to their existing obligations" and a declaratory judgment could "definitely and finally

6

adjudicate[ ]"); *Clinton v. City of New York*, 524 U.S. 417, 430-31 (1998) (holding that the revival of a substantial contingent liability that had immediate and direct effects gave rise to a justiciable controversy); *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 422 F.3d 490, 498 (7th Cir. 2005) ("[T]he present impact of a future though uncertain harm may establish injury in fact for standing purposes.").

The Supreme Court's analysis in *Aetna Life Insurance* is instructive here. In that case, the insurer brought a declaratory judgment action to determine the validity of disability insurance policies on which the insured had stopped paying premiums. *Aetna Life Insurance Co.*, 300 U.S. at 237-38. The insured argued that he was excused from paying his premiums but was still entitled to benefits because he had a disability that began before the unpaid premiums were due to be paid. *Id.* at 238. However, the insured had not yet sued the insurer. *Id.* at 239. The insurer then filed suit seeking declaratory relief. *Id.* The district court ruled that the insurer's complaint "did not set forth a 'controversy' in the constitutional sense and hence did not come within the legitimate scope of the statute." *Id.* at 236. The Supreme Court reversed the lower court's decision. *Id.* at 244. In finding that the case satisfied the case or actual controversy requirement of Article III, the Supreme Court relied on the concepts that undergird standing analysis, stating that the "controversy" must not be "hypothetical or abstract," but "must be definite and concrete, touching the legal relations of parties having adverse legal interests," and "[i]t must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character." *Id.* at 240-41.

The court found that Aetna's complaint presented such a controversy because the parties "had taken adverse positions with respect to their existing obligations," and a declaratory judgment could "definitely and finally adjudicate[ ]" the rights of the parties. *Id.* at 242-43. By holding

7

that Aetna's contingent liability presented a "controversy" under Article III, the Supreme Court necessarily found that standing could be based on such liability. This Court should reach the same conclusion here. Mr. Warner and Ms. Zimmie have taken adverse positions with respect to the existence of a contract that would give rise to potential liability for Mr. Warner. The declaratory relief sought here will adjudicate the rights of the parties and resolve the uncertainty of this potential liability. On this basis, Mr. Warner has standing to proceed in this declaratory action.

Second, Mr. Warner has standing because the threat of litigation, combined with the current impact it is having on Mr. Warner's business and personal interests, gives rise to sufficient harm to establish standing. Ms. Zimmie's counsel has threatened repeatedly, including in her Motion to Dismiss, to bring litigation to enforce the contractual obligations she claims exist between the parties. Several courts have found that threats of imminent litigation are sufficient to establish a case of controversy under Article III and to therefore sustain a finding of standing. *See, e.g., NUCOR Corp.*, 28 F.3d at 577-78 (agreeing that a declaratory judgment was an appropriate method of deciding the legal relationships among the parties where the defendant sent a notice threatening litigation); *Am. Acad. of Orthopaedic Surgeons v. Cerciello*, 2012 WL 5471108, at *2 (N.D. Ill. Nov. 9, 2012) ("Given this context, [the plaintiff] meets the section 2201 standard if it can show that [the defendant's] threat of litigation was 'immediate and real, rather than merely speculative.'") (citation omitted). This is unsurprising as it is well established that the very purpose of the Declaratory Judgment Act is to "avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication, without waiting until his adversary should see fit to begin suit, after damage had accrued." *NUCOR Corp.*, 28 F.3d at 577 (citation omitted).

Here, the ongoing threat of litigation and the uncertainty surrounding any potential liability to Ms. Zimmie are negatively impacting Mr. Warner's business interests. During the six-month

8

period that Ms. Zimmie has been asserting a right to current and future payments from Mr. Warner, he has had to proceed with the financial planning for his business and personal needs with the uncertainty of the potential liability to Ms. Zimmie hanging in the balance. The uncertainty created by this significant potential liability impacts the favorability of the terms he may get in connection with his business dealings, such as the payment terms being offered by the vendors in China where Mr. Warner manufactures the toys for Ty Inc.'s line of business. Where litigation is threatened and the uncertainty of the potential liability impacts the business interests of the plaintiff, it is well established that the plaintiff is entitled to seek declaratory relief. *E.g., Am. Acad. of Orthopaedic Surgeons*, 2012 WL 5471108, at *2 (holding a declaratory judgment action was proper where the defendant's conduct caused an apprehension of litigation); *DePuy Orthopaedics, Inc. v. Orthopaedic Hosp.*, 2013 WL 660470, at *5 (N.D. Ind. Feb. 22, 2013) (holding a party was "entirely justified" in filing a declaratory judgment action where "there was a substantial dispute that could result in litigation over the interpretation of the licensing agreement"). Accordingly, for all the reasons articulated above, Mr. Warner clearly has standing in this suit.

      b. <u>Ms. Zimmie's Reliance on *Cunningham Brothers v. Bail* is Misplaced</u>.

In addition to arguing that Mr. Warner has not suffered any injury, Ms. Zimmie argues that Mr. Warner's declaratory complaint should not be heard because Ms. Zimmie may pursue a negligence claim in the lawsuit she plans to file, and "it is not one of the purposes of the declaratory judgment act to enable a prospective negligence action defendant to obtain a declaration of non-liability." (Defendant's Memorandum of Law in Support of Her Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Dkt. No. 15, at 5.) Ms. Zimmie relies on *Cunningham Brothers v. Bail*

9

to sustain this argument. However, Ms. Zimmie's argument and citation to *Cunningham Brothers* are misplaced.

First, Mr. Warner's complaint does not seek a declaration of non-liability for any negligence claim that Ms. Zimmie may or may not assert – it seeks a declaratory judgment regarding the existence and enforceability of the contract allegedly entered into between Ms. Zimmie and Mr. Warner, and if such a contract exists, a declaration regarding the obligations of the parties thereunder. Such relief is precisely that commonly sought under the Declaratory Judgment Act. *E.g., NUCOR Corp.*, 28 F.3d at 579; *Palos Cmty. Hosp.*, 2016 WL 2984342, at *3-4; *Wealth Bldg. Cornerstones, LLC*, 2014 WL 108576, at *3-5; *DePuy Orthopaedics, Inc.*, 2013 WL 660470, at *4.

Second, the *Cunningham Brothers* case is inapposite and has no application to the facts presented here. In that case, the court declined to let the declaratory judgment action go forward because: (1) the suit was not brought to avoid damages which would accrue if a certain course of conduct were taken in the future, but instead to determine the rights which arose due to an alleged negligent act which occurred in the past; and (2) the defendants in the declaratory litigation had suffered personal injuries at the hands of the plaintiff and had already filed personal injury suits in state court. Here, Mr. Warner's declaratory suit is being brought to avoid the damages which will accrue if a valid and enforceable contract exists, and payments are not made thereunder in the future. Additionally, Ms. Zimmie is not a personal injury plaintiff, and she has not filed a personal injury action in state court. Accordingly, *Cunningham Brothers* supplies no grounds to dismiss the instant litigation.

Case: 1:21-cv-01390 Document #: 24 Filed: 06/14/21 Page 10 of 15 PageID #:108

## 2. The Declaratory Claim Presented by Mr. Warner is Ripe.

Ms. Zimmie next argues that Mr. Warner's declaratory claim is not ripe. Setting aside her rhetorical flourishes, the crux of Ms. Zimmie's argument is that there is no actual present controversy between Ms. Zimmie and Mr. Warner. However, as discussed at length above, that is simply not the case. A ripe and live controversy exists when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Kraft Foods*, 2012 WL 1080544, at *2. Here, the facts alleged in the complaint and in Mr. Warner's brief demonstrate that there is a substantial and live controversy between the parties regarding the existence, enforceability and impact of the alleged contract that Ms. Zimmie contends supports her demand for compensation. The fact that Ms. Zimmie's counsel has stated in letters, telephone conversations, and in her brief that she has a claim for damages arising from the conduct alleged in the declaratory complaint and that she plans to file suit and assert that claim underscores the fact that the dispute between the parties has ripened into live controversy. *See NUCOR Corp.*, 28 F.3d at 578-79 (finding a case was ripe where defendant had threatened suit and was in a position to invoke a coercive remedy but had not done so). As the court noted in *NUCOR*, where a defendant has elected not to file their suit, the plaintiff's declaratory claim should be allowed to proceed because the passage of time erodes memories and is therefore prejudicial.[3] *Id.* at 578. Applying these controlling principles here, Mr. Warner's claim is plainly ripe for resolution and should be allowed to proceed.

---

[3] This observation is particularly relevant in this case as Ms. Zimmie is 85 and Mr. Warner is 76.

11

### 3. *Wilton-Brillhart* Abstention Does Not Apply to This Case.

Ms. Zimmie concludes her Motion to Dismiss by arguing that even if this Court decides, as it should, that is has jurisdiction over Mr. Warner's claim, the Court should nevertheless abstain from exercising its jurisdiction under the *Wilton-Brillhart* abstention doctrine.[4] For the reasons outlined below, that doctrine is inapplicable.[5]

*Wilton-Brillhart* abstention applies in the narrow circumstances "where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). In these circumstances, "the question for [the] district court . . . is 'whether the questions in controversy between the parties to the federal suit . . . <u>can better be settled in the proceeding pending in the state court</u>.'" *Id.* (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)) (emphasis added). This doctrine is based on concerns about comity. *Id.* "As the Court put it in Wilton, 'where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference if it permitted the federal declaratory action to proceed.'" *Id.* (quoting *Wilton*, 515 U.S. at 283).

---

[4] Ms. Zimmie also argues in favor of abstention by trying to cast Mr. Warner's suit as an effort to evade liability in the state court system. That argument lacks any merit. Mr. Warner is not seeking to evade liability in state court – if there is any such basis for liability – which Mr. Warner firmly believes there is not – this court is equally capable as a state court of adjudicating that liability and filing this action in federal court does nothing to eliminate liability if such liability is appropriate under the law.

[5] None of the cases cited by Ms. Zimmie actually support the application of *Wilton-Brillhart* abstention here. For example, in *Wildberry Condo Ass'n v. Travelers Indemnity Co. of America*, 2021 WL 767623 (N.D. Ill. Feb. 28, 2021), the court considered application of *Wilton-Brillhart* abstention where a state court case involving the same parties was already pending when the defendant filed its motion to dismiss. However, in this case, there is no state court action pending. Thus, *Wildberry* is inapposite.

12

Here, there is no state court proceeding of any kind, let alone a parallel state court proceeding on the same issues, which is pending. On that ground alone, the *Wilton-Brillhart* abstention doctrine should not be applied. *See Cincinnati Ins. Co. v. Silvestri Paving Co.,* 2011 WL 4686437, at *3 (N.D. Ill. Oct. 4, 2011) (holding abstention under *Wilton/Brillhart* was inappropriate in part because there was "no parallel pending litigation in state court"); *Tavistock Rest. Group LLC v. Zurich American Ins. Co.*, 2021 WL 1614519 at *4 (N.D. Ill Apr. 26, 2021) (declining to apply *Wilton-Brillhart* abstention where there is no parallel state court litigation pending). This is logically the case because when there is no state court litigation pending, there is no basis for concerns about comity and no proceeding for the Court to abstain in favor of. Accordingly, contrary to Ms. Zimmie's assertions, the case does not implicate any concerns about comity, federalism, or the possible interference by the federal court in state court proceedings.

*Wilton-Brillhart* abstention would not apply here for the additional reason that any state court action that Ms. Zimmie may file in the future will be removed by Mr. Warner to federal court because of the diverse nature of the parties and the amount in controversy. *See* 28 U.S.C. § 1332(a). Courts addressing the applicability of *Wilton-Brillhart* abstention when there are two federal proceedings have held that *Wilton-Brillhart* abstention is not appropriate in the circumstance when there is an ongoing parallel federal proceeding. *Tavistock Rest. Group LLC*, 2021 WL 1614519, at *4.

As Mr. Warner's Complaint makes clear, this case has significant connections to Illinois and Mr. Warner's decision to file this action here reflects that fact and his right, as a citizen of Illinois, to have his case heard by the courts of his home state. Ms. Zimmie began making threats and demands months ago and has not yet filed a lawsuit. Instead, she has engaged in an extortionate campaign by dangling her demands and threats of litigation over Mr. Warner's head

13

for over six months, claiming that Mr. Warner owes her certain current and future financial obligations under the implied agreement she claims exists. This Court should exercise its jurisdiction because to do so here would serve the fundamental purpose of the Declaratory Judgment Action, which is to "avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication, without waiting until his adversary should see fit to begin suit, after damage had accrued." *NUCOR Corp.*, 28 F.3d at 577 (quoting *Cunningham Bros., Inc.*, 407 F.2d at 1167). Accordingly, Ms. Zimmie's Motion to Dismiss should be denied.

Dated: June 14, 2021

Respectfully submitted,

H. TY WARNER

/s/ Gregory J. Scandaglia
Gregory J. Scandaglia
Therese L. Tully
SCANDAGLIA RYAN LLP
55 E. Monroe Street, Suite 3440
Chicago, IL 60603
Phone: (312) 580-2020
Fax: (312) 782-3806
Email: gscandaglia@scandagliaryan.com
ttully@scandagliaryan.com

*Attorneys for H. Ty Warner*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned counsel certifies that, on June 14, 2021, a copy of the foregoing **Plaintiff H. Ty Warner's Memorandum of Law in Opposition to Defendant's Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)** was served the CM/ECF system on all counsel of record.

| | |
|---|---|
| Dated: June 14, 2021 | /s/ Gregory J. Scandaglia<br>SCANDAGLIA RYAN LLP<br>55 E. Monroe Street, Suite 3440<br>Chicago, IL 60603<br>Phone: (312) 580-2020<br>Fax: (312) 782-3806<br>Email: gscandaglia@scandagliaryan.com<br><br>*Attorney for H. Ty Warner* |

15