IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **H. TY WARNER**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-1390 |
| | ) | |
| v. | ) | Judge Martha M. Pacold |
| | ) | |
| **KATHRYN ZIMMIE**, | ) | Magistrate Judge Jeffery T. Gilbert |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF H. TY WARNER'S RESPONSE IN
OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE
SUPPLEMENTAL EXHIBIT IN SUPPORT OF HER MOTION TO DISMISS**

Plaintiff H. Ty Warner ("Warner"), by and through his undersigned counsel, Scandaglia Ryan LLP, hereby submits this response in opposition to Defendant's Motion for Leave to File Supplemental Exhibit in Support of Her Motion to Dismiss ("Motion for Leave"). In support of his opposition, Plaintiff states as follows:

**BACKGROUND**

1. For a number of years, Warner and Defendant Kathryn Zimmie ("Zimmie") had both a personal relationship and a business relationship. That relationship was centered in Illinois. Warner lives and works in Illinois and, in connection with their personal relationship, Warner and Zimmie spent the majority of their time together at Warner's residence in Oak Brook, Illinois. In addition to her personal relationship with Warner, Zimmie, through her company Cleveland Design Consultants, LLC ("Cleveland Design"), performed work for two of Warner's companies headquartered in Illinois, Ty Inc. and Ty Warner Hotels & Resorts, LLC. Zimmie was compensated approximately $200,000 per year for this work pursuant to a consulting agreement that was entered into between her company and Warner's companies ("Consulting Agreement").

This Consulting Agreement was formed in Illinois and was governed by Illinois law. In connection with the Consulting Agreement, Zimmie performed work in Illinois for Warner's companies and maintained an office at their Illinois headquarters.

2. In October of 2020, Zimmie decided to end her personal relationship with Warner. Thereafter, her attorney advised Warner that Zimmie was seeking compensation from him in an eight-figure range in connection with an implied or oral agreement for palimony, including support and a right to a portion of the wealth that Warner accumulated during their relationship.

3. For months, counsel for Zimmie continued to assert a right to future payments from Warner and threatened to file suit.

4. To resolve the uncertainty that was created by the alleged existence of a potential significant liability to Zimmie and the genuine dispute between Warner and Zimmie with respect to the existence of any implied or oral agreement that would give rise to such a liability, on March 12, 2020, Warner filed this declaratory judgement action.

5. In this action, Warner has sought a declaration regarding the validity of the agreement alleged to exist by Zimmie, and the rights and obligations of the parties to one another. Specifically, Warner has sought a declaration that (1) there is no implied or oral agreement between Warner and Zimmie pursuant to which Warner is obligated to pay Zimmie any sums for her ongoing support or for services provided to Warner; (2) any implied or oral agreement for palimony would be void under Illinois law; and (3) Warner has no obligation under any implied or oral contract to pay Zimmie any of the compensation she claims to be owed.

6. On May 13, 2021, Zimmie filed a motion to dismiss ("Motion to Dismiss") Warner's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

7. Zimmie's Motion to Dismiss was fully briefed pursuant to the Court's briefing schedule on June 28, 2021.

8. On September 1, 2021, in an effort to obtain perceived strategic advantages from filing a suit in California, Zimmie filed a complaint in the Superior Court of the State of California, County of Santa Barbara captioned *Kathryn Zimmie vs. H. Ty Warner*, Case No. 21-CV-03511 (the "California Action").

9. In the California Action, Zimmie has asserted multiple causes of action, including claims for breach of express and implied contract alleging that, as a result of the relationship that had existed between the parties, Warner had either expressly or impliedly promised to provide for Zimmie's financial support now and in the future.

10. On October 1, 2021, Warner removed the California Action. (*See* Ex. A, Warner's Notice of Removal.) The California Action is now pending in federal court in the United States District Court for the Central District of California as *Kathryn Zimmie v. H. Ty Warner*, Case No. 21-CV-7853.

## ARGUMENT

11. In her Motion for Leave, Zimmie seeks leave to file the complaint in the California Action as an exhibit to her Motion to Dismiss pending before this Court on the basis that the complaint is "central to the arguments" raised in that Motion. (Motion for Leave, ¶ 6.) However, Zimmie does not identify any argument to which the exhibit is relevant, much less explain why it is "central." It may be that Zimmie believes that the new exhibit is implicated by her flawed argument that the Court should decline to exercise its jurisdiction over this action under the *Wilton-Brillhart* abstention doctrine. If so, however, she is badly misguided.

3

12. As Warner addressed in his opposition to Zimmie's Motion to Dismiss (*see* Dkt No. 20, at 12-14), *Wilton-Brillhart* abstention applies only in the narrow circumstances "where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties." *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)). This doctrine is based on concerns about comity. *Id.* "As the Court put it in *Wilton*, 'where another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in gratuitous interference [in the state court proceedings] if it permitted the federal declaratory action to proceed.'" *Id.* (quoting *Wilton*, 515 U.S. at 283).

13. In his opposition, Warner explained why the *Wilton-Brillhart* abstention doctrine was inapplicable because, at the time that the Motion to Dismiss was briefed, there was no state court action pending.

14. Although Zimmie filed the California Action two months after the Motion to Dismiss was fully briefed, that action has been removed to and is now pending in the United States District Court for the Central District of California. Once again, there is no state court action pending. Accordingly, the state court complaint Zimmie seeks to file as an exhibit to her Motion to Dismiss is irrelevant to *Wilton-Brillhart* abstention, which remains inapplicable for the reasons set forth in Warner's opposition and because of the absence of any pending state court action.

15. To the extent that the Court does consider Zimmie's new exhibit, it actually supports the arguments advanced by Warner in his opposition to the Motion to Dismiss. Zimmie's primary claims asserted in the California Action (Counts I and II in Zimmie's proposed exhibit) sound in contract and rest on the exact alleged implied agreement and oral promises that

4

are the subject of Warner's declaratory judgment claim in this action. Moreover, Zimmie's new complaint underscores that, as Warner argued in his opposition, there was and is a definite and concrete dispute between Warner and Zimmie regarding whether there exists a contract pursuant to which Warner is obligated to pay Zimmie significant financial support and a portion of his wealth accumulated during their relationship now and in the future. Therefore, Zimmie's proposed exhibit further demonstrates that Warner has standing to assert his claim in this declaratory action, as further explained in his opposition. (*See* Dkt No. 20, at 4-11.)

16. If the Court were to grant Zimmie's Motion, Warner requests that the Court either take judicial notice of the removal of the California Action or, in the alternative, grant Warner leave to file the Notice of Removal filed in the Central District of California, which is attached hereto as Exhibit A, as a supplemental exhibit in support of his opposition to Zimmie's Motion to Dismiss. *See Miller v. Balterman*, 2018 WL 6511145, at *1 (N.D. Ill. Dec. 11, 2018) (A court "may take judicial notice of matters of the public record, including court records, on a motion to dismiss brought under Rule 12(b)(1) or an abstention doctrine.").

17. For the reason set forth above, the Court should deny Zimmie's Motion for Leave or, in the alternative, either (a) take judicial notice of the removal of the California Action or (b) grant Warner leave to file the Notice of Removal attached hereto as a supplemental exhibit in support of his opposition to Zimmie's Motion to Dismiss.

Dated: October 8, 2021                      Respectfully submitted,

H. TY WARNER

/s/ Gregory J. Scandaglia
Gregory J. Scandaglia
Therese L. Tully
SCANDAGLIA RYAN LLP
55 E. Monroe Street, Suite 3440
Chicago, IL 60603
Phone: (312) 580-2020
Fax: (312) 782-3806
Email:  gscandaglia@scandagliaryan.com
            ttully@scandagliaryan.com

*Attorneys for H. Ty Warner*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that, on October 8, 2021, a copy of the foregoing **Plaintiff H. Ty Warner's Response in Opposition to Defendant's Motion for Leave to File Supplemental Exhibit in Support of Her Motion to Dismiss** was served via the CM/ECF system on all counsel of record.

Dated: October 8, 2021
/s/ Gregory J. Scandaglia
SCANDAGLIA RYAN LLP
55 E. Monroe Street, Suite 3440
Chicago, IL 60603
Phone: (312) 580-2020
Fax: (312) 782-3806
Email: gscandaglia@scandagliaryan.com

*Attorney for H. Ty Warner*