#108    WTG\acf    9/13/2021    2021S-0070

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| H. TY WARNER, | |
| Plaintiff, | |
| v. | No.   21-cv-1390 |
| KATHRYN ZIMMIE, | |
| Defendants, | |

**DEFENDANT'S REPLY TO WARNER'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EXHIBITS IN SUPPORT OF HER MOTION TO DISMISS**

Defendant, KATHRYN ZIMMIE, by and through her attorneys, CORBOY & DEMETRIO, P.C., GOLDBERG, PERSKY & WHITE, P.C. and ROBERT M. COHEN replies to Plaintiff, Warner's, Response in Opposition to her Motion for Leave to File Supplemental Exhibit in Support of her Motion to Dismiss and states:

## BACKGROUND

In response to Zimmie's pre-suit settlement overtures from his long-time companion and business associate (that were supposed to have been confidential) Plaintiff, Warner, filed a Complaint in this Court seeking declaratory relief. Defendant, Zimmie, moved to dismiss the Complaint, arguing that it was an impermissible request for a declaration of non-liability as to the contemplated California state court action that she had confidentially attempted to settle. Thereafter, in the Superior Court of the State of California, County of Santa Barbara, Zimmie filed her Complaint for damages against WARNER, pleading seven causes of action: (1) Breach of Express Contract; (2) Breach of Implied Contract; (3) Quiet Title; (4) Intentional Infliction of

Emotional Distress; (5) Negligent Infliction of Emotional Distress; (6) Conversion; and (7) Fraud/ Civil RICO. (ECF 22-6.)

Now, ZIMMIE moves to supplement the record with her California state court Complaint. (ECF 22.) Surprisingly, WARNER opposes supplementing the record with the Complaint, arguing that it is irrelevant to this action. (ECF 24.) In the alternative, WARNER requests that this Court permit him leave to file his own supplemental exhibit or that this Court take judicial notice of his Notice of Removal of the California state court action.[1] (*Id.*)

## ARGUMENT

Warner's Opposition to the instant motion is mostly nonresponsive and entirely indicative of his misinterpretation of the bases for dismissal of his misguided Declaratory Judgement action. Instead of setting forth arguments on whether the record in this Court should be supplemented by the Complaint filed in California after the briefing on the motion to dismiss, Warner attempts to re-hash and re-iterate his confused positions in opposition to dismissal. Setting aside his smokescreen, he advances no arguments against supplementing the record with the proposed exhibit. As such, leave should be granted to file the supplemental exhibit.

Nonetheless, Zimmie must respond to Warner's superfluous arguments that the proposed exhibit is "irrelevant." First, the proposed exhibit is relevant in demonstrating that the case and controversy that exists between Zimmie and Warner is one that is based upon California law that accrued in California. (Ecf 22-6.) Second, the proposed exhibit buttresses Zimmie's argument that this Court should abstain from issuing advisory opinions and/or delving into deciding

---

[1] Zimmie has no objection to Warner's request that this Court "either (a) take judicial notice of the removal of the California Action or (b) grant Warner leave to file the Notice of Removal attached hereto as a supplemental exhibit in support of his opposition to Zimmie's Motion to Dismiss." (ECF 24 at p. 5, ¶ 17.)

2

questions of California state law (and contradicts Warner's erroneous view on the applicability of the *Wilton-Brillhart* abstention doctrine).  (*Id.*)

In the end, Warner is stuck with the Seventh Circuit's pronouncement that "we are of the opinion that to compel potential personal injury plaintiffs to litigate their claims at a time and in a forum chosen by the alleged tortfeasor would be a perversion of the Declaratory Judgment Act."  *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167 (7th Cir. 1969).  Here, the proposed exhibit demonstrates that Zimmie, domiciled in California, has filed suit in that forum against her longtime companion and business associate.  She filed in the state where they cohabitated and worked together for decades.  She bases her claims on California law.  The exhibit shows that the case and controversy that exists between the parties (a) was not pled in his Complaint at bar (rather, it is pled in Zimmie's California Complaint) and (b) does not exist "in this jurisdiction" (rather, the controversy exits in California).  As such, his Complaint does not state a cause of action under 28 U.S.C. § 2201(a).

Likely understanding the significance of the fact that the proposed exhibit demonstrates that the underlying dispute concerns a matter of California law entirely between California parties that is pending between these same parties in California, Warner now advocates for a novel bright line rule: that the *Wilton-Brillhart* abstention doctrine does not apply where the state court action has been removed based upon diversity.  (ECF 24 at p. 4, ¶ 14.)  Of course, Warner cites no case in support of such a rule - because no such rule exists.

Regardless of Warner's removal of the California action – such a procedural maneuver does not provide the panacea that he desires. See *Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir. 2014).  To the contrary, this Court's discretion, pursuant to the *Wilton-Brillhart* abstention doctrine, does not magically disappear based upon Warner's procedural maneuver:

3

> The *Wilton* Court was careful to leave that stone unturned: "We do not attempt … to delineate the outer boundaries of that discretion in other cases, for example, … cases in which there are no parallel state proceedings." 515 U.S. at 290. Since *Wilton,* at least two Circuits have held that there is no requirement that a state action be pending before a federal court may decline to exercise jurisdiction over a declaratory judgment action. *See Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.,* 139 F.3d 419, 423 (4th Cir. 1998) ("To hold otherwise would in effect create a per se rule *requiring* a district court to entertain a declaratory judgment action when no state court proceeding is pending."); *Golden Eagle,* 103 F.3d at 754 ("The absence of a parallel state proceeding is not necessarily dispositive; the potential for such a proceeding may suffice.").
>
> *GMC v. M&G Mgmt.*, No. 02 C 6558, 2003 U.S. Dist. LEXIS 10934, at *12-13 (N.D. Ill. June 23, 2003)

At bottom, Warner's arguments demonstrate the importance of this Court being afforded a complete record, inclusive of the state court complaint, to determine how it will apply the discretion afforded to it by the Declaratory Judgment Act and Supreme Court precedent. For even if Warner's instant Complaint were to state a cause of action, this Court still has broad discretion to apply the *Wilton-Brillhart* abstention doctrine.

In exercising that discretion, this Court should avoid weighing in on the merits of Zimmie's pending California case. The Seventh Circuit long ago warned against the type of litigation that Warner endeavors here. *See Am. Auto. Ins. Co. v. Freundt*, 103 F.2d 613, 617-18 (7th Cir. 1939) ("the court will refuse a declaration where another court has jurisdiction of the issue, where a proceeding involving identical issues is already pending in another tribunal, where a special statutory remedy has been provided, or where another remedy will be more effective or appropriate under the circumstances…. where the defendant's action is about to begin or has begun, it serves no sensible end to permit a plaintiff to appear as equitable actor and start the proceedings for an autonomous declaration that he has a good defense to his opponent's pending or imminent action."). Warner's Opposition and his Complaint in this Court are indicative of a

4

desire for an advisory opinion from this Court as to the merits of Zimmie's pending California action. The continuation of such an action in this jurisdiction[2] would undermine one of the fundamental principles of American jurisprudence. *See Flast v. Cohen*, 392 U.S. 83, 96 (1968) ("[I]t is quite clear that 'the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions.'" (quoting C. Wright, *Federal Courts* 34 (1963)).

WHEREFORE, Defendant, KATHRYN ZIMMIE, prays for the entry of an order granting her Motion for Leave to File Supplemental Exhibit to Defendant's Motion to Dismiss.

Dated: October 15, 2021

/s/ William T. Gibbs
William T. Gibbs
CORBOY & DEMETRIO, P.C.
Attorneys for Defendant - Firm ID. 108
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
ccfiling@corboydemetrio.com

Robert M. Cohen
LAW OFFICES OF ROBERT M. COHEN
301 North Canon Drive, Suite 300
Beverly Hills, California 90210
(310) 277-1127
office@bobcohenesq.com

Jason E. Lukasevic
GOLDBERG PERSKY WHITE P.C.
11 Stanwix Street, Suite 1800
Pittsburgh, PA 15222
(412) 471-3980
jluckasevic@gpwlaw.com

---

[2] The Declaratory Judgment action should be dismissed, but it bears noting that this Honorable Court has express authority to transfer venue of this case to California. As stated in the Motion to Dismiss and in this Reply brief, the Plaintiff maintains the ability to file her claims for personal injury in the jurisdiction where the substantial part of the events or omissions giving rise to the claim occurred or a substantial part of the property that is the subject of the action is situated. See 28 U.S.C.S. § 1391(b)(2). Per Count III of Plaintiff's Complaint and Amended Complaint in Civil Action presently pending in Fed Ct in California, Plaintiff seeks to quiet title of the property jointly shared and owned by the parties located in Santa Barbara, California. For this reason alone, this Honorable Court has the authority and ability to transfer the Declaratory Action filed by Warner to California.

**CERTIFICATE OF SERVICE**

      On October 15, 2021, I electronically filed a copy of the foregoing document through the CM/ECF system for the United States District Court for the Northern District of Illinois Eastern Division, which will send a notice of electronic filing to all counsel of record and make it available for viewing and downloading from the CM/ECF system.

                                                      /s/ William T. Gibbs

William T. Gibbs
Corboy & Demetrio, P.C.
Attorney for Defendant
33 North Dearborn Street, 21st Floor
Chicago, Illinois 60602
(312) 346-3191
Firm ID. 108
Primary E-Mail: ccfiling@corboydemetrio.com