UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| H. TY WARNER,<br><br>        Plaintiff,<br><br>        v.<br><br>KATHRYN ZIMMIE,<br><br>        Defendant. | Case No. 21-cv-01390<br><br>Judge Martha M. Pacold |

**ORDER**

      Plaintiff H. Ty Warner brought this declaratory judgment action against defendant Kathryn Zimmie seeking a declaration that there is no implied or oral contract between him and Zimmie obligating him to pay Zimmie for services she claims she provided Warner and his company. [1]. For the reasons set forth below, Zimmie's motion to dismiss [14] is granted. Zimmie's motion to file a supplemental exhibit [22] is denied as moot because the court takes judicial notice of the exhibit. This case is dismissed without prejudice to Warner's litigating the issues in California federal court, where Zimmie's parallel action is pending. The clerk is directed to enter final judgment.

**DISCUSSION**

      Warner filed this one-count complaint against Zimmie on March 12, 2021, seeking a declaratory judgment in his favor. [1] at 4–5. The complaint alleges that Warner and Zimmie were involved in both a business relationship and a personal relationship and that the personal relationship ended in October 2020. *Id.* ¶¶ 8–9. According to the complaint, after the personal relationship ended, Zimmie's attorney told Warner that she was seeking "compensation from Mr. Warner pursuant to some unidentified 'financial responsibility' she claimed to be owed." *Id.* ¶ 10. Zimmie's attorney wrote to Warner's attorney in January 2021 advising him that she was seeking compensation "in connection with an implied or oral agreement that Ms. Zimmie alleges was created as a result of the personal relationship that previously existed between" Zimmie and Warner. *Id.* ¶ 11. Warner does not believe that there is any agreement between him and Zimmie. *Id.* ¶ 17. His claim for declaratory judgment seeks a declaration that (1) there is no implied or oral agreement between him and Zimmie in which he is "obligated to pay Ms. Zimmie any sums for her ongoing support or for services provided to Mr. Warner"; (2) "[a]ny implied or oral agreement for palimony would be void under

Illinois law"; and (3) Warner has no obligation to pay Zimmie any of the compensation she claims to be owed. *Id.* at 4–5.

Zimmie has moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). [14]. She contends that the court lacks subject matter jurisdiction over the case because Warner does not have standing and because the case is not ripe. [15] at 5–7. She also contends that the court should abstain from issuing any declaratory relief. *Id.* at 8–9.

In addition to the motion to dismiss, Zimmie also filed a motion seeking leave to file as a supplemental exhibit a complaint she filed September 9, 2021—approximately six months after this suit was filed—against Warner in California state court. [22] at 2. Warner opposes the filing of the supplemental exhibit or, in the alternative, requests that the court take judicial notice of the fact that Warner removed Zimmie's California state court action to federal court (the U.S. District Court for the Central District of California). [24] ¶ 16. "The Court may take judicial notice of court orders, public records, and items appearing in the record of another court proceeding." *Loughran v. Wells Fargo Bank, N.A.*, No. 19-cv-04023, 2019 WL 6349890, at *2 n.1 (N.D. Ill. Nov. 27, 2019). Thus, the court takes judicial notice of both the filing of Zimmie's state court complaint and Warner's subsequent removal of that action to federal court in California and denies as moot the motion for leave to file.

Turning to Zimmie's argument that the case should be dismissed for lack of subject matter jurisdiction, "a declaratory action, like any other action, must satisfy Article III, which allows federal courts to act only in the event of actual 'cases and controversies.'" *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 712 (7th Cir. 2002) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). The Declaratory Judgment Act, 28 U.S.C. § 2201, permits a court in the case of an "actual controversy within its jurisdiction" to "declare the rights and other legal relations of any interested party seeking such a declaration." "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Md. Cas.*, 312 U.S. at 273; *Hyatt*, 302 F.3d at 712 ("The declaratory judgment plaintiff must be able to show that the feared lawsuit from the other party is immediate and real, rather than merely speculative.").

There is a justiciable controversy between Warner and Zimmie. According to the allegations in the complaint, the parties had adverse legal interests because Zimmie contended Warner owed her money based on an alleged contract Warner

2

claims does not exist. This establishes that, at the time the complaint was filed, Warner and Zimmie had a substantial controversy and adverse legal interests that could warrant the issuance of declaratory relief.

Nonetheless, "[i]t is well settled that the federal courts have discretion to decline to hear a declaratory judgment action, even though it is within their jurisdiction." *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746, 747 (7th Cir. 1987) (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ("In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration."); *M Credit Inc. v. Cadlerock, L.L.C.*, No. 03 C 1690, 2003 WL 21800017, at *2 (N.D. Ill. July 31, 2003) ("It is well settled that, as a federal court, we have the discretion to decline to hear an action for declaratory relief, even though it is within our jurisdiction to do so."); 10B Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 2759 (4th ed. 2008) ("Thus, it is well settled by a multitude of cases that the granting of a declaratory judgment rests in the sound discretion of the trial court exercised in the public interest." (footnote omitted)). A district court's decision to exercise jurisdiction over a declaratory judgment is "discretionary in a strong sense." *Hyatt*, 302 F.3d at 711 (quoting *Hoover v. Wagner*, 47 F.3d 845, 850 (7th Cir. 1995)).

The court declines to exercise jurisdiction over this action. It is apparent that Warner sought to win "the race to the courthouse" by filing suit in Illinois for a declaratory judgment before Zimmie could file a coercive suit involving similar factual allegations and claims in another forum. *Tempco*, 819 F.2d at 750; *see also Hyatt*, 302 F.3d at 712 ("[T]he threat of suit, however immediate, is not by itself sufficient for the invocation of the federal power to issue a declaratory judgment: as other courts have noted, the Declaratory Judgment Act is not a tactical device whereby a party who would be a defendant in a coercive action may choose to be a plaintiff by winning the proverbial race to the courthouse." (internal quotation marks omitted)). This suit falls into the category of suits filed in anticipation of an impending suit by the opposing party seeking coercive relief. *See Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 980 (7th Cir. 2010). In such a situation, courts "ordinarily give priority to the coercive action, regardless of which case was filed first." *Id.* "In those cases, we have repeatedly taught that this circuit does not rigidly adhere to a first-to-file rule." *Id.* (citing cases). Even though Warner filed this action before Zimmie's action in California, there is no compelling reason in this case—other than Warner having his choice of forum—to exercise jurisdiction over this action.

The fact that Zimmie has now sued Warner in California reinforces this conclusion. The two cases are "parallel"; Zimmie's California suit is a "mirror-image action" that turns on the same underlying facts and issues as this case. *Id.* Zimmie's California complaint, [22-6], brings, among other claims, claims for breach

3

of express contract and breach of implied in fact contract based on the parties' professional and personal relationship. There is no reason why Warner cannot competently litigate the claims Zimmie has asserted against him in the California action. *See* Wright & Miller, Fed. Prac. & Proc. § 2765 ("The courts also have held that it is not one of the purposes of the declaratory judgments act to enable a prospective negligence action defendant to obtain a declaration of nonliability." (footnote omitted)).

In a footnote on the last page of the reply brief in supplemental briefing on whether Zimmie could file the California complaint as a supplemental exhibit, Zimmie (not Warner) raised the possibility of transfer to the Central District of California rather than dismissal. [25] at 5 n.5. Zimmie conceded in that footnote that the court has authority to transfer this case to California. But Warner has not requested that relief. The possibility of transfer has not been properly requested or developed in the briefs. Further, although the court dismisses rather than transfers the case, the dismissal is without prejudice to Warner's litigating the issues (raising affirmative defenses or asserting claims) in California federal court. The court does not reach the merits of any potential claims or defenses.

The court declines to exercise jurisdiction over this declaratory judgment action and dismisses the case without prejudice. Enter final judgment.

Dated: February 25, 2022         /s/ Martha M. Pacold